J-S30016-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| COREY JEMEAL WRIGHT | : | |
| | : | |
| Appellant | : | No. 377 EDA 2025 |

Appeal from the PCRA Order Entered December 5, 2024
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0005632-2006

BEFORE: OLSON, J., MURRAY, J., and FORD ELLIOTT, P.J.E.*

MEMORANDUM BY MURRAY, J.: **FILED SEPTEMBER 11, 2025**

Corey Jemeal Wright (Appellant) appeals, *pro se*, from the order dismissing as untimely his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The PCRA court summarized the facts underlying this appeal:

Appellant was arrested for the shooting death of [] twenty-three[-]year[-]old Rose Pettis ("victim" or "Pettis")[, which occurred] on the morning of July 6, 2006. On that day, Norristown Police responded to the report of a shooting in the area of Jacoby and DeKalb Streets. The officers arriving at that location saw [that] a 1994 Dodge Intrepid [had] left the highway and crashed into a wooden picket fence in front of 900 DeKalb Street. There were bullet holes in the passenger side of the car and the driver[, Pettis,] was bleeding and [ultimately succumbed to gunshot wounds]. A female child[, Pettis's daughter,] was strapped into a car seat in the back of the car. Miraculously, the child was not harmed.

_____

* Retired Senior Judge assigned to the Superior Court.

The police investigation revealed that [] Pettis was a victim [of] an apparent revenge slaying [in retaliation for the murder of] Appellant's brother, Kevin Foster [(Foster)], which had occurred on August 31, 2005. Foster was [allegedly] gunned down by Turon Stuart, the father of the child in the car driven by [] Pettis.

PCRA Court Opinion, 2/24/25, at 2.

The PCRA court described the ensuing procedural history:

Appellant was [] charged with the murder of [] Pettis on July 25, 2006. On October 23, 2006, the Commonwealth filed a notice entitled "Commonwealth's Notice of Intent to Seek the Death Penalty[."]

On September 26, 2007, [a jury convicted] Appellant … of first-degree murder[1] and related offenses.[2] The penalty phase of the tr[ia]l was scheduled to begin on September 27, 2007. Prior to commencement of the penalty phase, [Appellant and the Commonwealth reached] an agreement …. Appellant agreed to waive his direct appeal rights in exchange for the Commonwealth's decision not to pursue the death penalty. However, Appellant did not waive his right to collaterally challenge the conviction. … [On September 27, 2007, the trial court sentenced Appellant to an aggregate life in prison without the possibility of parole. Appellant did not file post-sentence motions or a direct appeal.]

On July 10, 2008, Appellant[, *pro se*,] filed his first timely PCRA petition. On July 18, 2008, Appellant filed a *pro se* motion with the [PCRA] court to withdraw the PCRA petition, which was granted. On August 21, 2008, Appellant[, *pro se*,] filed his second timely PCRA petition, which was treated by [the PCRA] court as a first PCRA[ petition], based upon Appellant's withdrawal of the initial July 10, 2008[,] PCRA petition. [The PCRA court appointed counsel.] … On November 5, 2008, [PCRA counsel] sent a "no

_____

[1] 18 Pa.C.S.A. § 2502(a).

[2] Appellant was represented by different counsel at each stage relevant to the instant appeal. For ease of reference, we identify Appellant's respective counsel herein as trial counsel, penalty phase counsel, and PCRA counsel.

merit" letter[3] to Appellant after a careful review of the record[, concluding Appellant's claims were frivolous. PCRA counsel thereafter petitioned to withdraw as Appellant's counsel.] …

On January 8, 2009, the [PCRA] court [issued] notice of [its] intention to dismiss [Appellant's] PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907 …. On January 26, 2009, Appellant filed a [response]. After review, the [PCRA] court found Appellant's response to be devoid of any meritorious claims[. O]n February 2, 2009, the [PCRA] court issued a final order of dismissal and [PCRA] counsel was permitted to withdraw.

*Id.* at 2-3 (capitalization modified; footnotes added).

Appellant appealed, and this Court affirmed the dismissal of Appellant's first PCRA petition. *See Commonwealth v. Wright*, 30 A.3d 545, 859 EDA 2009 (Pa. Super. 2011). Appellant did not file a petition for allowance of appeal.

On June 27, 2017, Appellant, *pro se*, untimely filed the instant PCRA petition, which he entitled "Motion for Post Conviction Relief *Nunc Pro Tunc*."[4] On July 16, 2018, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's PCRA petition without a hearing, opining that it lacked jurisdiction to consider the substance of Appellant's claims due to the

_____

[3] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[4] The cover page of the petition indicates it is "filed on behalf of Corey Wright" by "Eric X. Rambert[,] Jail House Lawyer[.]" *Nunc Pro Tunc* PCRA Petition, 6/27/17, at 1 (capitalization modified). Therein, Appellant asserts various instances of alleged ineffectiveness of trial, penalty phase, and PCRA counsel. *See generally id.*

untimeliness of his petition. Notice of Intent to Dismiss, 7/16/18, at 6-7.

Appellant did not file a response. On December 5, 2024, the PCRA court

dismissed Appellant's PCRA petition.[5] Appellant timely appealed.[6] Although

not ordered to do so, Appellant filed a Pa.R.A.P. 1925(b) concise statement of

errors complained of on appeal. On February 24, 2025, the PCRA court filed

a Rule 1925(a) opinion.

Appellant raises the following three issues:

I. Whether the []PCRA court erred in dismissing Appellant's [*nunc pro tunc*] PCRA [petition]?

II. Whether Appellant is entitled to restoration of his right to a direct appeal *nunc pro tunc* pursuant to Article I[,] [§§] 9 & 11 of the Pennsvlania Constitution and/or the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution?

III. Do[] Appellant's multiple trial/[]PCRA counsel[s'] misrepresentations, failures to adequately inform [A]ppellant[,] in order for him to make informed decisions at critical stages and/or lying to Appellant[,] meet the

_____

[5] In its order, the PCRA court indicated that "[a] review of the [PCRA] court's open matters revealed a final order had not yet been filed [in this matter]." Order, 12/5/24, at 1 n.1.

[6] Appellant's notice of appeal was not docketed until January 28, 2025. **See** Pa.R.A.P. 903(a) (a notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken."). However, Appellant has remained incarcerated since he was initially charged in this case. The PCRA court observed that Appellant indicated in his proof of service that he mailed his notice of appeal on December 21, 2024, and thus, deemed the instant appeal timely filed. **See** PCRA Court Opinion, 2/24/25, at 4; **see also Commonwealth v. Crawford**, 17 A.3d 1279, 1281 (Pa. Super. 2011) ("Under the prisoner mailbox rule, we deem a *pro se* document filed on the date it is placed in the hands of prison authorities for mailing."). We likewise decline to find Appellant's notice of appeal untimely filed.

qualifications under the *nunc pro tunc* criteria of "extraordinary circumstances" warranting relief?

Appellant's Brief at 4.

"We review an order dismissing or denying a PCRA petition as to whether the findings of the PCRA court are supported by the record and are free from legal error." **Commonwealth v. Skundrich**, 327 A.3d 218, 221 (Pa. Super. 2024) (brackets and citation omitted); **see also Commonwealth v. Sandusky**, 203 A.3d 1033, 1043 (Pa. Super. 2019) ("[W]e apply a *de novo* standard of review to the PCRA court's legal conclusions." (citation omitted)).

Before addressing the substantive merits of Appellant's claims, we first determine whether Appellant timely filed his PCRA petition. A petition's timeliness implicates the jurisdiction of both the PCRA court and this Court. **Commonwealth v. Ballance**, 203 A.3d 1027, 1031 (Pa. Super. 2019); **see also Commonwealth v. Lewis**, 63 A.3d 1274, 1281 (Pa. Super. 2013) ("Without jurisdiction, we simply do not have the legal authority to address the substantive claims."). The PCRA requires that "[a]ny petition under this subchapter, **including a second or subsequent petition**, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1) (emphasis added). A judgment of sentence becomes final "at the conclusion of direct review … or at the expiration of time for seeking the review." **Id.** § 9545(b)(3).

> The time for seeking direct review expires after 30 days if a defendant does not file a direct appeal within 30 days of his judgment of sentence[,] or a post-sentence motion within 10 days

of imposition of sentence. ***Commonwealth v. Green***, … 862 A.2d 613, 615 (Pa. Super. 2004) (*en banc*); Pa.R.Crim.P. 720(A)(1)-(3).

***Skundrich***, 327 A.3d at 221.

Instantly, the trial court imposed Appellant's sentence on September 27, 2007. Appellant did not file a post-sentence motion or direct appeal from this sentence. Consequently, Appellant's judgment of sentence became final 30 days later, on October 27, 2007. ***See id.*** Therefore, the PCRA required Appellant to file any PCRA petition within one year from that date: October 27, 2008. ***See*** 42 Pa.C.S.A. § 9545(b)(1). Appellant's instant petition, filed on June 27, 2017, is facially untimely.

However, the PCRA

provides three exceptions to the one-year jurisdictional time-bar, the applicability of which a petitioner must plead and prove. ***See*** 42 Pa.C.S.[A.] § 9545(b)(1)(i)-(iii); [***Commonwealth v.***] ***Abu-Jamal***, 941 A.2d [1263,] 1268 [(Pa. 2008)] (providing that PCRA petitioner has "burden to allege and prove that one of the timeliness exceptions applies")…..

***Commonwealth v. Towles***, 300 A.3d 400, 415 (Pa. 2023).

The three exceptions to the one-year time-bar are: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." ***Commonwealth v. Brandon***, 51 A.3d 231, 233-34 (Pa. Super. 2012); ***see also*** 42 Pa.C.S.A. § 9545(b)(1)(i-iii). A petition invoking any exception must be filed within 60 days of the date the claim could have been presented. 42 Pa.C.S.A. §

9545(b)(2).[7] Importantly, "[**a**]**sserted exceptions to the time restrictions for a PCRA petition must be included in the petition, and may not be raised for the first time on appeal**." ***Commonwealth v. Larkin***, 235 A.3d 350, 356 (Pa. Super. 2020) (*en banc*) (footnote and citation omitted; emphasis added).

Instantly, aside from labeling his PCRA petition a *nunc pro tunc* request for relief, Appellant failed to acknowledge the facial untimeliness of his petition, or assert any exception to the PCRA's jurisdictional time-bar pursuant to 42 Pa.C.S.A. § 9545(b)(1)(i-iii). ***See Commonwealth v. Crews***, 863 A.2d 498, 501 (Pa. 2004) (observing that a petitioner's burden to plead and prove one of the exceptions "necessarily entails an *acknowledgment by the petitioner that the PCRA petition under review is untimely* but that one or more of the exceptions apply." (citations omitted; emphasis in original)). Instead, in his Rule 1925 concise statement, Appellant raised, for the first time, a claim that his prior counsels' alleged ineffectiveness constituted "extraordinary circumstances" entitling him to *nunc pro tunc* relief. Concise Statement, 1/28/25, at 1. As Appellant failed to plead and prove an exception to the

_____

[7] Effective December 24, 2018, the time period in which to file a petition invoking one of the three exceptions was extended from 60 days to one year. 42 Pa.C.S.A. § 9545(b)(2). This amendment applies to claims arising one year prior to the effective date of the amendment, *i.e.*, claims arising December 24, 2017, or later. Act 2018, Oct. 24, P.L. 894, No. 146, § 3. Because Appellant filed his petition on June 27, 2017, the amendment does not apply.

PCRA's jurisdictional time-bar in his PCRA petition, we conclude that the PCRA court properly determined that it lacked jurisdiction to consider the substance of Appellant's claims.[8] **See Larkin**, 235 A.3d at 356. Accordingly, Appellant's petition is untimely, and like the PCRA court, we lack jurisdiction and "legal authority to address [any] substantive claims." **Lewis**, 63 A.3d at 1281.

Order affirmed.

_____

[8] Appellant asserts, for the first time in his appellate brief, two enumerated exceptions to the PCRA's timeliness requirement, based upon newly-discovered facts and an after-recognized constitutional right. **See** Appellant's Brief at 9-10. Both arguments center on Appellant's claim that his trial counsel and penalty phase counsel allegedly erroneously advised him that he could not raise any issues on direct appeal because of his agreement to waive his right to file a direct appeal. **See id.** at 9, 12 (relying on **Garza v. Idaho**, 586 U.S. 232, 235-36, 247 (2019) (holding that because the defendant retained the right to raise nonwaivable issues on appeal, despite agreeing to waive his appeal rights, defense counsel's refusal to file an appeal, after the defendant requested that counsel do so, was presumptively prejudicial)).

Even if we were to liberally construe Appellant's PCRA petition as claiming counsel's ineffectiveness excused his petition's untimeliness, **Garza** would not provide an avenue for escaping the PCRA's jurisdictional time-bar. **See Commonwealth v. Pendleton**, 253 A.3d 326 (Pa. Super. 2021) (unpublished memorandum at 7) (observing that "the **Garza** Court did not announce a 'new constitutional right,' but applied the holding of [**Roe v.**] **Flores-Ortega**[, 528 U.S. 470 (2000),] to circumstances involving an appeal waiver."); Pa.R.A.P. 126(b) (unpublished non-precedential memorandum decisions of this Court, filed after May 1, 2019, may be considered for their persuasive authority).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/11/2025